## Adolph Arnold, Herman Arnold, Theodore Arnold and Benjamin F. Baker v. John Lomicky.

1. INSTRUCTIONS—*Not to Assume Controverted Facts.*—An instruction which assumes the existence of a material controverted point in the case is erroneous.

Assumpsit, for moneys deposited in a bank. Trial in the County Court of Cook County; the Hon. WALES W. WOOD, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendants. Heard in this court at the March term, 1898. Reversed and remanded. Opinion filed May 26, 1898.

ESCHENBURG & WHITFIELD and SAMSON & WILCOX, attorneys for appellants.

COLLINS & FLETCHER, attorneys for appellee.

MR. JUSTICE WINDES delivered the opinion of the court.
The appeal in this case involves the same questions, in part, as presented by No. 7455, Arnold et al. v. Cannon, *ante* 323, and Arnold et al. v. Hart, No. 7339, decided at this term. What is said in the opinions in those two cases, disposes of the same questions here presented.

Complaint is also made that the court gave to the jury an instruction, viz.:

" The jury are instructed that in giving credit to the firm of Arnold Bros., Baker & Co., the plaintiff gave credit to each member of the copartnership, regardless of his acquaintance with the partners or of his opinion of their financial strength or standing, and that no partner can escape from liability because he was not particularly trusted by the plaintiff."

This instruction is, in our opinion, erroneous in assuming, as it does, that the plaintiff gave credit to the firm of Arnold Bros., Baker & Co., which was an assumption by the court of one of the principal points of contest in the case, as to which, it might well be claimed, the evidence would have supported a verdict in favor of defendants.

We think it was especially calculated to affect the verdict of the jury in view of the fact that while plaintiff was a former dealer, in connection with a partner named Lang, with Arnold Bros., Baker & Co., his personal account with the Haymarket Produce Bank was not opened until near three months after the dissolution of the firm of Arnold Bros., Baker & Co.

For the error of the court in giving the instruction above set out and the two instructions quoted in the opinion in No. 7455, Arnold et al. v. Cannon, the judgment will be reversed and the cause remanded.